UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZAN MALESSA BALSOM,

    Plaintiff,

v.                                                                  Case No:   8:14-cv-2105-T-DNF

COMMISSIONER OF SOCIAL
SECURITY and SSA,

    Defendants.
_____

# OPINION AND ORDER

    This cause is before the Court on Plaintiff, Zan M. Balsom's Complaint (Doc. 1) filed on August 27, 2014.  Plaintiff, Zan Balsom seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.   For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

    **I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.  Eligibility**

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.  Procedural History

On March 18, 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income asserting a disability onset date of September 9, 2010. (Tr. p. 124-131). Plaintiff's applications were denied initially on May 26, 2011, and on reconsideration July 7, 2011. (Tr. p. 59-62). A hearing was held before Administrative Law Judge Steven D. Slahta on October 10, 2012. (Tr. p. 30-50). The ALJ issued an unfavorable decision on December 12, 2012. (Tr. p. 12-23). On June 26, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on August 27, 2014. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (See, Doc. 15).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013)[1](citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R.

---

1 Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2012. (Tr. p. 14). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 3, 2007, the alleged onset date. (Tr. p. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: osteoarthrosis; history of left knee arthroscopy; migraine headaches; asthma; hypertension; state III chronic kidney disease; pituitary gland microadenoma; obesity; depressive disorder not otherwise specified; and anxiety disorder not otherwise specified. (Tr. p. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. p. 15). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that Plaintiff requires the option to sit or stand; cannot be exposed to hazards, climbing, or temperature extremes; must remain in clean air environment; is able to perform no more than unskilled work, and more specifically, Plaintiff is limited to entry-level work, primarily (but not exclusively) dealing with things rather than people. (Tr. p. 17). The ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. p. 22). After considering the testimony of a vocational expert, the ALJ determined at step five that based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in

significant numbers in the national economy that Plaintiff can perform such as surveillance system monitor (DOT[2] # 379.367-010), and small parts assembler (DOT # 706.684-022). (Tr. p. 22-23).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

---

2 "DOT" refers to the *Dictionary of Occupational Titles*, (4th ed.).

**II. Analysis**

Plaintiff raises two issues on appeal.   As stated by Plaintiff they are:

1) The ALJ failed to properly evaluate the post hearing physical consultative examination performed by Dr. Robert Shefsky.

2) Whether the ALJ's vocational findings and determination that Plaintiff can perform other work is supported by substantial evidence.

   **A.   Whether the ALJ erred in evaluating Dr. Shefsky's report**

Plaintiff argues that the ALJ failed to properly consider the physical consultative examination performed by Robert Shefsky, M.D. on October 31, 2012.   Plaintiff contends that the ALJ accepted only portions of Dr. Shefsky's report when determining that Plaintiff was not disabled, and instead relied on the opinion of non-examining medical consultant, Dr. Junejo.   The Commissioner responds that the ALJ gave sufficient reasons to discount parts of Dr. Shefsky's opinion.

At the close of the hearing, the ALJ ordered two examinations, one for Plaintiff's mental impairments and one for Plaintiff's physical impairments.   (Tr. p. 49-50). On October 31, 2012, Robert Shefsky, M.D. conducted a consultative internal medicine examination of Plaintiff. (Tr. p. 545-558). An x-ray was taken on October 31, 2012 of Plaintiff's left knee. (Tr. p. 549).   The findings were as follows:   bone fragment observed at the soft tissue next to external condyle of the femur suggestive of sesamoid; thickening was observed at all articular margin of the knee joint, remarkable at internal condyle of the femur; osteophyte was seen on the patella; decreased space at the internal compartment with degenerative changes; no signs of recent fracture or dislocation; and there was no evidence of lytic or blastic lesion.   (Tr. p. 549).   The impression of the radiologist, Alberto Jorge, M.D. was that there were radiological signs of mild to moderate

degenerative osteoarthrosis mainly at internal compartment; and a clinical evaluation and further work up was recommended. (Tr. p. 549).

At the examination by Dr. Shefsky, Plaintiff complained of arthritis, asthma, high blood pressure, pituitary tumor, migraine headaches, low back pain, and left knee pain. (Tr. p. 545). Plaintiff claimed that her left knee and low back pain were 10/10, and were constant sharp pains. (Tr. p. 545). Dr. Shefsky found Plaintiff to be in no acute distress, however her gait had an extremely shortened stride length and was moderately to severely antalgic on the left. (Tr. p. 546). Plaintiff was unable to walk on her heels and toes, and could not squat. (Tr. p. 546). Her stance was normal. (Tr. p. 546). Plaintiff used a cane at all times for balance and pain, and the cane was self-prescribed. (Tr. p. 546). When Plaintiff used the cane, her gait showed an increased stride length and less antalgia on the left side, and Dr. Shefsky found the cane appeared to be medically necessary. (Tr. p. 546). Plaintiff used her cane to help get off of the exam table. (Tr. p. 546). Plaintiff has full range of motion in her right knee, and the left knee had 90 degrees of flexion, full extension. (Tr. p. 547). Plaintiff had 4/5 strength on the left lower extremity. (Tr. p. 547). After reviewing the x-ray taken on October 31, 2012, Dr. Shefsky determined that Plaintiff's left knee showed radiological signs of mild to moderate degenerative osteoarthrosis mainly at internal compartment, and recommended a clinical evaluation and further work up. (Tr. p. 547, 549). Dr. Shefsky diagnosed Plaintiff with left knee pain; low back pain, by history; high blood pressure, by history; asthma, by history, pituitary tumor, by history, and migraine headaches, by history. (Tr. p. 547).

On October 31, 2012, Dr. Shefsky completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical). (Tr. p. 553-558). Dr. Shefsky determined that Plaintiff was able to occasionally lift and/or carry 21 to 50 pounds, frequently lift 11 to 20 pounds and

continuously lift up to 10 pounds. (Tr. p. 533). Dr. Shefsky noted that Plaintiff had pain and decreased range of motion in her left knee. (Tr. p. 553). Dr. Shefsky limited Plaintiff to: sitting for 2 hours at one time; standing for 15 minutes at one time; walking for 15 minutes at one time; sitting for 6 hours in an 8-hour workday; standing for 1 hour in an 8-hour workday, and walking for 1 hour in an 8-hour workday. (Tr. p. 554). Dr. Shefsky found Plaintiff did require the use of a cane to ambulate and a cane was medically necessary. (Tr. p. 554). Dr. Shefsky limited Plaintiff to walking 10 feet if ambulating without a cane. (Tr. p. 554). Dr. Shefsky noted that Plaintiff had a shortened stride length with moderate to severe antalgia of the left leg. (Tr. p. 554). Dr. Shefsky found Plaintiff could never use her left foot to perform foot controls, and determined that Plaintiff could never climb stairs, ramps, ladders or scaffolds, balance, stoop, kneel, crouch, and crawl. (Tr. p. 555-56). Dr. Shefsky limited Plaintiff's exposure to occasionally for the following: unprotected heights, moving mechanical parts, operating a motor vehicle, humidity and wetness, extreme cold, extreme heat, and vibrations, and limited Plaintiff to never being exposed to dust, odors, fumes and pulmonary irritants. (Tr. p. 557).

An ALJ is required to state with particularity the weight he gives to the medical opinions of record and the reasons why. *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010), (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)), See also, *McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006). Without such a statement, the reviewing court is unable to determine whether the decision of the Commissioner was supported by substantial evidence. *Id*. (citation omitted). "Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. §404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited

when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)). "Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error." *Id*. (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

The ALJ summarized Dr. Shefsky's examination and his findings as to Plaintiff's limitations. (Tr. p. 19). The ALJ noted that Dr. Shefsky found Plaintiff to have a 4/5 strength in her left knee, did not have full range of motion in her left knee, could not walk on heels and toes, used a cane at all times, and had mild to moderate degenerative osteoarthrosis. (Tr. p. 19). The ALJ also summarized Dr. Shefsky's opinion as to Plaintiff's limitations in sitting, standing and walking, and his conclusion that plaintiff required a cane to ambulate, was not able to operate foot controls with her left lower extremity, could never perform certain postural functions, and could only occasionally be exposed to hazards, temperature extremes, and respiratory irritants. (Tr. p. 19).

The ALJ afforded great weight to the opinion of Dr. Shefsky as far as Plaintiff's need for a sit/stand option, her need to avoid particular environments, as those limitations were consistent with Plaintiff's x-ray of her knee and her asthma. (Tr. p. 20). The ALJ gave no weight to the portion of Dr. Shefsky's opinion concerning her use of a cane for ambulation based upon the cane being self-prescribed, and the progress notes from Tampa Family Health Centers that had no requirement that Plaintiff use a cane or that she presented there with a cane. (Tr. p. 20). The ALJ noted that Plaintiff's balance, gait, and stance are almost always described as normal with the exception of a July 2012 record where Plaintiff had exacerbated knee joint pain and the ALJ

found that the only instances of Plaintiff presenting with a cane in the record were when she presented for the consultative examinations after the hearing.   (Tr. p. 20). The ALJ also gave no weight to Dr. Shefsky's opinion as to Plaintiff's inability to use left foot controls and postural functions' limitations because according to the ALJ these findings were inconsistent with Dr. Shefsky's own examination findings which included only a slight limitation of range of motion in her left knee.   (Tr. p. 20). The ALJ also noted that Plaintiff's other medical records did not document significant limitations as to range of motion.   (Tr. p. 20).

The ALJ did accord some weight to the opinion of Shakra Junejo, M.D. who was a non-examining medical consultant.   (Tr. p. 20).   On July 6, 2011, Dr. Junejo stated that he had reviewed all of the evidence and affirmed the RFC dated May 26, 2011.   (Tr. p. 485). On May 26, 2011, Alice Wegman, a single decisionmaker completed a Physical Residual Functional Capacity Assessment. (Tr. p. 51-58).   Ms. Wegman credentials were not provided.   (Tr. p. 58). Ms. Wegman determined that Plaintiff could lift and/or carry 50 pounds occasionally, 25 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, unlimited push and/or pull, no postural limitations, no manipulative limitations, no visual limitations, no communicative limitations, and no environmental limitations. (Tr. p. 51-58).

The ALJ ordered a consultative examination to help evaluate Plaintiff's physical condition. (Tr. p. 19).   An ALJ is not required to order a consultative examination "as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007).   "The lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits.   We have no way of knowing whether the evidence missing

from the case would sustain [claimant's] contentions of her inability to work." *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995).

The record in this case was lacking medical evidence as to Plaintiff's condition concerning her left knee. Dr. Shefsky ordered that an x-ray be taken of Plaintiff's left knee and reviewed the findings from the radiologist. Dr. Shefsky also performed a complete physical examination of Plaintiff. Dr. Shefsky noted that Plaintiff's gait had an extremely shortened stride length and she was moderately to severely antalgic on the left. Dr. Shefsky determined that Plaintiff's cane was medically necessary based upon her gait and her antalgia on the left side. Dr. Shefsky reviewed objective medical evidence of the x-ray, considered his physical examination of Plaintiff, and his observations of Plaintiff. Dr. Shefsky observed that Plaintiff needed to use her cane to get off of the examination table. Dr. Shefsky determined that Plaintiff did not have a full range of motion in her left knee based upon his examination and determined that Plaintiff was not able to use her left lower extremity for work, and could never climb stairs and ramps, climb ladders or scaffolds, balance, stoop, kneel, crouch and crawl.

The ALJ gave no weight to Dr. Shefsky's opinion concerning Plaintiff using a cane for ambulation and her inability to use left foot controls and limited postural functions such as balancing, stooping kneeling, crouching, and crawling. The ALJ reasoned that prior medical evidence did not show that Plaintiff was limited to using a cane, and in fact showed that her balance, gait and stance were mainly described as normal with the exception of a July 2012 record where Plaintiff had exacerbated knee joint pain. The ALJ also gave no weight to Dr. Shefsky's opinion that Plaintiff was unable to use left foot controls and was unable to balancing, stooping kneeling, crouching, and crawling.

The ALJ ordered a consultative examination after the hearing to supplement the record specifically as to Plaintiff's left knee limitations. The record at the time of the hearing did not provide sufficient evidence of Plaintiff's physical limitations. The ALJ then reasoned that because the prior record did not contain any reference to Plaintiff using a cane or having limitations in her left lower extremities and as to certain postural functions, that the ALJ would give no weight to portions of the opinion of the consultative examiner. Dr. Shefsky found on the date of his examination that Plaintiff's use of a cane was medically necessary, that Plaintiff was unable to use her lower left extremity for foot controls, and was never able to complete certain postural functions such balancing, stooping kneeling, crouching, and crawling. The prior medical record would not reflect these limitations because the prior medical records did not provide sufficient medical evidence as to Plaintiff's limitations concerning her left knee. The Court finds that the ALJ's decision to afford no weight to all of Dr. Shefsky's opinion is not supported by substantial evidence.

### B.   Whether ALJ erred in determining that Plaintiff can perform other work

Plaintiff argues that the ALJ erred in relying on the vocational expert's testimony as to other jobs that Plaintiff was able to perform, and erred in presenting the hypothetical to the vocational expert. The Commissioner argues that the ALJ did not err in determining that Plaintiff was able to perform other jobs. These arguments are inextricably tied to the analysis of the weight afforded the opinion of Dr. Shefsky and whether the limitations found by Dr. Shefsky should be included in Plaintiff's RFC and any hypothetical to a vocational expert. Therefore, the Court determines that it would be premature to rule on these issues at this time.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence as to the issue of weight afforded the opinion of Dr. Shefsky and upon remand the Commissioner should reconsider Plaintiff's limitations and any hypothetical to a vocational expert.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical records and opinion of Dr. Shefsky, and to reconsider whether Plaintiff is able to perform other jobs in the national and local economies.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE** and **ORDERED** in Fort Myers, Florida on June 26, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties